UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ANALEAH MORIAH GONSHOROWSKI,<br><br>Defendant. | No. 2:23-cv-00145 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Analeah Moriah Gonshorowski is proceeding pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). This action was opened on the basis of a document filed by Ms. Gonshorowski captioned "Interpleader's Notice of Removal to Federal Jurisdiction," and subtitled "A 'Suit in Equity' In Re: Property and Rights in Property." ECF No. 1 at 1. Ms. Gonshorowski appears to invoke the jurisdiction of this court sitting "in admiralty, in rem." Id. Because the undersigned finds that this court has no jurisdiction under the removal statute or otherwise, and that the defect cannot be cured, it is recommended that that the case be dismissed with prejudice.

### I. Background

Ms. Gonshorowski filed this action on January 24, 2023, and paid the filing fee. ECF No. 1. The face of the removal notice identifies the action removed as State Case No. CRF22-00973-

1

02. Id. at 1. Despite the various references to admiralty, interpleader, suits in equity and actions in rem, Ms. Gonshorowski is challenging an ongoing criminal prosecution in Yuba County. She refers to herself as a "vessel" being unlawfully seized as an "admiralty prize" in that proceeding. See ECF No. 1 at 2, ¶¶ 1-2 (alleging that plaintiff has commenced a criminal action and "sought arrest of the Defendant Vessel ('Person') and seizure of other In Rem property as an admiralty prize"); see also id. at 7, ¶ 19 (alleging arraignment scheduled for day after notice of removal was filed); id. at 14, ¶¶ 51-52 (alleging that criminal proceedings cannot proceed after removal); id. at 52-54 (purported notice of removal filed in Yuba County Case No. CRF22-00973-02); id. at 56-59 (case information printout for People v. Gonshorowski, Case No. CRF22-00973-02, a pending felony case involving multiple controlled substances and weapons charges).

## II.     Jurisdiction

Federal jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

Ms. Gonshorowski is attempting to remove a state criminal proceeding in which she is the defendant, but she fails to establish a proper basis for removal. Although removal of civil actions

pursuant to 28 U.S.C. § 1441 is relatively common where a lawsuit filed in state court provides a basis for federal jurisdiction, removal of criminal prosecutions under 28 U.S.C. § 1443 is exceedingly rare.  The statute provides as follows:

### § 1443.  Civil rights cases

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

Section 1443 may apply where a state criminal defendant claims federally secured rights as a defense to prosecution, but only under limited circumstances.  People of the State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).  As the Ninth Circuit explained,

> Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution. The Supreme Court, however, has given section 1443 a restrictive interpretation. In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L.Ed. 2d 925, and Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L.Ed. 2d 944, the Court set out the narrow parameters of this right. All petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by *explicit statutory enactment protecting equal racial civil rights*. (Georgia v. Rachel, supra at 788-792, 86 S. Ct. 1788-1790; Greenwood v. Peacock, supra at 824-827, 86 S. Ct. at 1810-1812.) Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice. (Georgia v. Rachel, supra at 794-804, 86 S. Ct. at 1791-1797; Greenwood v. Peacock, supra at 827-828, 86 S. Ct. at 1812-1813.)

Sandoval, 434 F.2d at 636 (emphasis added).

Ms. Gonshorowski has satisfied neither criterion.  Nothing in the notice of removal or its attachments suggests that she is defending her state case on grounds of an explicit federal statutory enactment protecting equal racial civil rights, or that the state court is refusing to enforce

3

such rights. Section 1443 does not provide any basis for removing the marijuana and assault weapons charges now pending in Yuba County.

Ms. Gonshorowski's references to admiralty, interpleader actions, in rem actions, suits in equity, and various federal statutory and constitutional provisions are legally nonsensical and provide no alternative basis for jurisdiction. Such verbiage cannot cure the fundamental absence of removal jurisdiction.

### III.    *Younger* Abstention

To the extent that the notice of removal might be construed as a civil complaint, its consideration would be barred by the Younger abstention doctrine. Under Younger v. Harris, 401 U.S. 37 (1971), a federal court may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Younger abstention is required "if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." Id. at 1092 (citations omitted).

In the instant case, all four requirements for Younger abstention are readily met. First, the state-initiated criminal proceeding against plaintiff is ongoing, as the pleading alleges and as its attachments demonstrate. Second, the state's interests in its criminal prosecutions are of great importance; indeed, they are the paradigmatic interests protected by Younger. See Kelly v. Robinson, 479 U.S. 36, 49 (1986). Third, there are no procedural bars to the presentation of federal constitutional issues in California criminal cases. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal courts must assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary."); Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger. . . requires only the absence of

'procedural bars' to raising a federal claim in the state proceedings."). Finally, this court's failure to abstain from a lawsuit seeking intervention in the prosecution would necessarily interfere with that prosecution. Accordingly, any independent lawsuit challenging the Yuba County proceedings would face certain dismissal. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (where Younger factors present, dismissal is required).

### IV.     Leave to Amend Is Not Appropriate

Although leave to amend is generally to be granted with liberality, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). It is clear from the face of the pleading that the purported "removal" of Ms. Gonshorowski's Yuba County criminal case was ineffectual, and that there is no alternative basis for federal jurisdiction. Any attempt to convert this attempted removal action into an independent civil lawsuit would be defeated by the rule of Younger v. Harris, supra. Accordingly, leave to amend would be futile and therefore should not be granted.

### V.     Pro Se Plaintiff's Summary

The magistrate judge recommends that this case be dismissed with prejudice because you cannot "remove" a state criminal prosecution to federal court. You also cannot sue in federal court to stop a state criminal prosecution. You will have an opportunity to object in writing to this recommendation, and the district judge will make the final decision.

### VI.  Conclusion

For the reasons explained above, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's


order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE